**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4037**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

KEVIN ALBERT BIGELOW,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Chief District Judge. (1:14-cr-00131-CCB-5)

Submitted: September 29, 2016      Decided: October 3, 2016

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant. Leo Joseph Wise, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Albert Bigelow pleaded guilty to conspiracy to distribute and possess with intent to distribute PCP, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2016), and possession with intent to distribute PCP, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (2016). The district court sentenced Bigelow to 120 months' imprisonment, the statutory mandatory minimum. On appeal, Bigelow's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he found no meritorious issues for appeal but questioning the reasonableness of Bigelow's sentence. Bigelow filed a pro se supplemental brief challenging the district court's failure to suppress certain evidence, but he waived his right to appeal that issue when he pleaded guilty.

Pursuant to Anders, we have reviewed the record in this case, and have found no meritorious issues. At sentencing, the district court made no significant procedural error. See Gall v. United States, 552 U.S. 38, 51 (2007). While the sentence falls outside the higher Sentencing Guidelines range, the totality of the circumstances support the substantive reasonableness of the district court's sentence. See id.

Accordingly, we affirm the district court's judgment. This court requires that counsel inform Bigelow, in writing, of the right to petition the United States Supreme Court for further review. If Bigelow requests that a petition be filed, but counsel

2

believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that he served Bigelow with a copy of the motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument will not aid the decisional process.

AFFIRMED